The Chancellor.
On the day of the marriage between the complainant and her late husband, and just before the marriage, he, without the knowledge of the intended wife, for the consideration of one dollar, conveyed certain real estate to trustees, in trust for his own use during his life, and after his death, in crust to receive the rents and pay them to his daughter Mary, a daughter 'by a former wife, during her life, and after her death in trust for his three sons»
I cannot doubt, on the evidence in the case, that the object of the conveyance was to defeat the 'complainant of the right she *522 would acquire in his estate by the marriage. The other ground or reason now set up for the making of the conveyance, namely, the providing for his imbecile daughter after his death, was not, it appears to me, the real motive.
I am of opinion that a voluntary conveyance by a main, on the eve of marriage, unknown to the intended wife and made for the purpose of defeating the interest which she would acquire in his estate by the marriage, is fraudulent as against her. I see no sound distinction between this case and the like conveyance by a woman under like circumstances.
Decree for complainant.